**Anant Kumar TRIPATI, Plaintiff–Appellant,**

v.

**Gary L. HENMAN; R.J. Barncastle; Willis Gibson; Richard A. Stacy; Leland Pico; Dale Berndt, Defendants–Appellees.**

**Nos. 87–2039, 87–2202.**

United States Court of Appeals, Ninth Circuit.

Submitted April 13, 1988 *.

Decided April 25, 1988.

Anant Kumar Tripati, in pro per.

Eugene R. Bracamonte, Asst. U.S. Atty., Tucson, Ariz., for defendants-appellees.

Before ANDERSON ** and BOOCHEVER, Circuit Judges, and STEPHENS,*** District Judge.

PER CURIAM:

The dispositive issue in this appeal is whether a district court retains subject matter jurisdiction to consider a timely Fed.R.Civ.P. 59(e) motion to alter or amend a judgment when the motion is filed subsequent to a notice of appeal. We reverse the district court's holding that it lacked jurisdiction over the Rule 59(e) motion.

Anant Kumar Tripati (Tripati) filed an amended civil rights complaint under 42 U.S.C. § 1985 (1982) against various federal prison officials in June 1986. The officials' cross-motion for summary judgment was granted on April 14, 1987, and Tripati filed a notice of appeal on April 20. The next day, Tripati filed a "Motion Per Rule 59 and 60" in the district court to "vacate the judgment." This motion was denied for lack of jurisdiction on April 22. Tripa-

---

\* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

\*\* Judge Anderson concurred in the opinion prior to his death.

\*\*\* Honorable Albert Lee Stephens, Jr. United States District Judge for the Central District of California, sitting by designation.

ti's appeal of this order on May 27 was timely under Fed.R.App.P. 4(a)(1).

"The effective filing of a notice of appeal is an event of jurisdictional significance." *United States v. Edwards,* 800 F.2d 878, 883 (9th Cir.1986). "A notice of appeal is jurisdictionally ineffective if filed before disposition of a Rule 59(e) motion to alter or amend the judgment." *Miller v. Transamerican Press, Inc.,* 709 F.2d 524, 527 (9th Cir.1983); Fed.R.App.P. 4(a)(4); *see Griggs v. Provident Consumer Discount Co.,* 459 U.S. 56, 60–61, 103 S.Ct. 400, 403, 74 L.Ed.2d 225 (1982) (per curiam).

■ Tripati's timely motion to vacate the judgment constituted a request for relief under Rule 59(e).[1] The first notice of appeal was "not merely defective; it was a nullity" under Fed.R.App.P. 4(a)(4). *Griggs,* 459 U.S. at 61, 103 S.Ct. at 403. The district court therefore erred in denying the motion solely on the ground that it lacked jurisdiction. That order denying the motion was properly appealed by Tripati, who requested that the two appeals be consolidated.

Because the purpose of Rule 4(a)(4) is to prevent duplication of effort by the courts, appellate review of the underlying merits of Tripati's summary judgment appeal would be premature prior to the district court's consideration of the motion to alter or amend the judgment. The district court's order denying Tripati's Rule 59(e) motion is reversed and the matter is remanded for proper consideration. On remand, the court should consider whether it has subject matter jurisdiction over Tripati's "equal protection" claim in light of our recent decision in *Tripati v. Henman,* 843 F.2d 1160 (9th Cir.1988).

REVERSED and REMANDED.

1. A motion to "alter or amend" a judgment under Rule 59(e) seeks "a substantive change of mind by the court." *Miller v. Transamerican Press, Inc.,* 709 F.2d 524, 527 (9th Cir.1983). Tripati requested this type of relief by challenging the district court's analysis of various pieces of evidence. A Rule 59(e) motion is a proper

vehicle for seeking reconsideration of a summary judgment ruling. *Stephenson v. Calpine Conifers II, Ltd.,* 652 F.2d 808, 811 (9th Cir.1981), *overruled on other grounds, Puchall v. Houghton, Cluck, Coughlin & Riley (In re Washington Pub. Power Supply Sys. Sec. Lit.),* 823 F.2d 1349 (9th Cir.1987) (en banc).