952 F.2d 1400
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Jeff GOUGH, Defendant-Appellant.
 No. 91-55153.
 United States Court of Appeals, Ninth Circuit.
 Submitted Jan. 9, 1992.*
Decided Jan. 13, 1992.
 
 MEMORANDUM**
 Before WALLACE, Chief Judge, and SNEED and ALARCON, Circuit Judges.
 
 
 1
 Jeff Gough, a federal prisoner, appeals pro se the summary denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. He was convicted by guilty plea for conspiracy to manufacture methamphetamine, in violation of 21 U.S.C. §§ 841(a)(1) and 846. He contends that methamphetamine is not a Schedule II controlled substance and raises constitutional challenges to the statutes and regulations governing methamphetamine crimes. We affirm.
 
 
 2
 We first address the issue whether Gough filed a timely notice of appeal. If the United States is a party in a civil case, the appellant must file the notice of appeal within 60 days after entry of the judgment or order appealed from. Fed.R.App.P. 4(a)(1). If any party files a post-judgment motion under Fed.R.Civ.P. 52(b) or 59(e), the time for appeal stops running until the district court enters an order disposing of the motion. Fed.R.App.P. 4(a)(4). A notice of appeal filed before or after a timely Rule 52(b) or 59(e) motion has no effect. Id.; Tripati v. Henman, 845 F.2d 205, 206 (9th Cir.1988). As a result, after the district court decides the motion, the appellant must file a new notice of appeal. Fed.R.App.P. 4(a)(4). This court leniently construes pro se filings as valid notices of appeal. Hollywood v. City of Santa Maria, 886 F.2d 1228, 1232 (9th Cir.1989).
 
 
 3
 Here, the district court entered the order denying Gough's section 2255 motion on December 17, 1990. On December 31, 1990, Gough filed a notice of appeal and three motions pursuant to Fed.R.Civ.P. 52(b), 59(e), and 60(b). The district court entered an order denying these motions on January 23, 1991. On February 19, 1991, Gough filed a civil appeals docketing statement (CADS) in this court.
 
 
 4
 The notice of appeal of December 31, 1990, had no effect because Gough also filed Rule 52(b) and 59(e) motions. See Fed.R.App.P. 4(a)(4); Tripati, 845 F.2d at 206. After the district court denied these motions on January 23, 1991, the time for appeal began running. See Fed.R.App.P. 4(a)(4). Under the circumstances of this case, we construe Gough's CADS as a notice of appeal. See Hollywood, 886 F.2d at 1232. Because Gough filed the CADS within 60 days of January 23, 1991, we have jurisdiction to consider this appeal. See Fed.R.App.P. 4(a)(1).
 
 
 5
 We next address the merits of the appeal. We review de novo the denial of a section 2255 motion. Donagiere v. United States, 914 F.2d 165, 167 (9th Cir.1990), cert. denied, 111 S.Ct. 1398 (1991). The district court may summarily deny a section 2255 motion if it plainly appears from the record and the face of the motion and attached exhibits that the movant is not entitled to relief. Rule 4(b), Rules Governing Section 2255 Proceedings; Abatino v. United States, 750 F.2d 1442, 1443-44 (9th Cir.1985). If the movant did not raise an issue at trial or on direct appeal, to prevail under section 2255, he or she must show cause excusing this procedural default and actual prejudice resulting from the alleged error. United States v. Frady, 456 U.S. 152, 167-68 (1982); United States v. Dunham, 767 F.2d 1395, 1397 (9th Cir.1985). To show actual prejudice, the movant must show that error worked to his or her substantial disadvantage and infected the entire proceedings with error of constitutional dimensions. Frady, 767 U.S. at 170.
 
 
 6
 Gough did not raise his claims regarding whether methamphetamine is a controlled substance before the trial court, and he did not file a direct appeal. He has not made any showing of cause for this procedural default. See Frady, 456 U.S. at 167-68; Dunham, 767 F.2d at 1397. Furthermore, he cannot show actual prejudice because his claims lack merit. See Frady, 456 U.S. at 170. We recently rejected the contention that methamphetamine is not a controlled substance under 21 U.S.C. § 802(6) because 21 U.S.C. § 811(g)(1) and 21 C.F.R. § 1308.22 exclude Vicks Inhaler and Rynal, which contain methamphetamine, from the schedules of controlled substances. United States v. Durham, 941 F.2d 886, 889-90 (9th Cir.1991). We also rejected the contention the methamphetamine was not properly moved from Schedule III to Schedule II. Id. at 888-89.
 
 
 7
 Accordingly, the district court did not err by summarily denying Gough's section 2255 motion.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3