958 F.2d 379
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
UNITED STATES of America, Plaintiff-Appellee,
v.
Stephen Paul PAVLOVICH, Defendant-Appellant.
 No. 91-55154.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 13, 1992.*
Decided March 18, 1992.
 
 Before JAMES R. BROWNING, POOLE and WIGGINS, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Stephen Paul Pavlovich, a federal prisoner, appeals pro se the district court's summary denial of his 28 U.S.C. § 2255 motion to vacate, set aside, or correct his sentence. He was convicted by guilty plea for conspiracy to manufacture methamphetamine and possess methamphetamine with intent to distribute, in violation of 21 U.S.C. §§ 841(a)(1) and 846. He contends that methamphetamine is not a Schedule II controlled substance and raises constitutional challenges to the statutes and regulations governing methamphetamine crimes. We affirm.
 
 
 3
 Pavlovich's notice of appeal filed December 3, 1990, had no effect because on that same day he filed one or more post-judgment motions pursuant to Fed.R.Civ.P. 59(e). See Fed.R.App.P. 4(a)(4); Tripati v. Henman, 845 F.2d 205, 206 (9th Cir.1988). We nonetheless construe his civil appeals docketing statement, filed within 60 days after the denial of his post-judgment motions, as a timely notice of appeal. See Fed.R.App.P. 4(a)(4); Smith v. Barry, 112 S.Ct. 678, 681-82 (1992) (construing brief as notice of appeal); Hollywood v. City of Santa Maria, 886 F.2d 1228, 1232 (9th Cir.1989).
 
 
 4
 We recently rejected the contention that methamphetamine is not a controlled substance under 21 U.S.C. § 802(6) because 21 U.S.C. § 811(g)(1) and 21 C.F.R. § 1308.22 exclude Vicks Inhaler and Rynal, which contain methamphetamine, from the schedules of controlled substances. United States v. Durham, 941 F.2d 886, 889-90 (9th Cir.1991). We also rejected the contention that methamphetamine was not properly moved from Schedule III to Schedule II. Id. at 888-89.
 
 
 5
 Accordingly, the district court did not err by summarily denying Pavlovich's section 2255 motion.
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3