981 F.2d 1257
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Charles M. BYERS, Plaintiff-Appellant,
v.
MARICOPA COUNTY SHERIFF'S OFFICE, et al., Defendants-Appellees.
 No. 92-15707.
 United States Court of Appeals, Ninth Circuit.
 Submitted Nov. 23, 1992.*
Decided Dec. 7, 1992.
 
 Before SCHROEDER, FLETCHER and NOONAN, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Charles M. Byers, an Arizona state prisoner, appeals pro se the district court's summary judgment against him in his 42 U.S.C. § 1983 action, and the district court's subsequent denial of his motion for reconsideration.[1] Byers contends that the defendants violated his civil rights while he was a pretrial detainee at the Maricopa County Jail. We have jurisdiction pursuant to 28 U.S.C. § 1291. We review the district court's summary judgment de novo, Taylor v. List, 880 F.2d 1040, 1044 (9th Cir.1989), and the denial of a motion for reconsideration for an abuse of discretion, Fuller v. M.G. Jewelry, 950 F.2d 1437, 1441 (9th Cir.1991). We affirm in part and vacate and remand in part.
 
 
 3
 Summary judgment is appropriate if the evidence "show[s] that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).
 
 
 4
 The party moving for summary judgment "bears the initial responsibility for informing the district court of the basis for its motion." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986). "[T]he burden on the moving party may be discharged by 'showing'--that is, pointing out to the district court--that there is an absence of evidence to support the nonmoving party's case." Id. at 325.
 
 
 5
 In cases where the nonmoving party bears the burden of proof at trial with respect to a material fact, the party opposing the motion is required "to go beyond the pleadings and by her own affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial.' " Id. at 324 (quoting Fed.R.Civ.P. 56(e)). "To show existence of a 'genuine' issue, appellant[ ] must present some evidence establishing each element of [his] claims on which [he] would bear the burden of proof at trial. [citation omitted] [He] must produce at least some significant probative evidence tending to support the complaint." Smolen v. Deloitte, Haskins & Sells, 921 F.2d 959, 963 (9th Cir.1990) (quotations omitted).
 
 
 6
 Byers contends that he was denied adequate recreation for approximately two months, from August to September 1990. The district court found that the supported allegations did not rise to the level of a constitutional violation.
 
 
 7
 The denial of an opportunity for regular outdoor exercise violates the eighth amendment. Hoptowit v. Ray, 682 F.2d 1237, 1259 (9th Cir.1982); Spain v. Procunier, 600 F.2d 189, 199 (9th Cir.1979) (confinement of prisoners with almost total absence of outdoor exercise was cruel and unusual punishment). However, such recreation can be temporarily denied when prison conditions warrant. Hoptowit, 682 F.2d at 1258. The record shows that during the month of August, plaintiff's cell was offered recreation twenty times. During the month of September, recreation was offered twenty-one times. Recreation was not offered during these months four times due to weather conditions, four times due to personnel shortages, and seven more times due to maintenance, block restrictions, or other unknown reasons. On this record, the district court did not err in granting summary judgment for the defendants on this claim. See id. at 1258-59; cf. Spain, 600 F.2d at 199.
 
 
 8
 Byers next contends that the prison's policy of restricting visits to three one-half hour visits per week violates his constitutional rights. Although Byers initially raised this issue in his original complaint, he did not raise it in his amended complaint, nor did the district court consider it. Even in cases involving pro se petitioners, the rule is that "[a]ll causes of action alleged in an amended complaint which are not alleged in an amended complaint are waived." King v. Atiyeh, 814 F.2d 565, 567 (9th Cir.1987). Therefore, Byers has waived his claim regarding the constitutionality of the prison's visitation policy. See id.
 
 
 9
 Byers next contends that he was denied access to a library, and that legal staff are slow or unresponsive to his legal requests. He further asserts that he is denied attorney-client type consultations with legal staff.
 
 
 10
 Because states must ensure prisoners reasonable access to the courts, prison officials are required to provide either "adequate law libraries or adequate assistance from persons trained in the law." Bounds v. Smith, 430 U.S. 817, 828 (1977). Where a prisoner alleges he is deprived of one of these core requirements, he need not allege "actual injury." Sands v. Lewis, 886 F.2d 1166, 1171 (1989).
 
 
 11
 The district court noted that Byers filed eighteen actions in the district court, and that he had vigorously pursued them. Byers does not deny that he was provided with legal staff to assist him. Moreover, Byers failed to file affidavits in support his claim of denial of access to a law library or legal staff. Byers's conclusory allegations will not withstand a motion for summary judgment. See List, 880 F.2d at 1045. Based on the record before this court, the district court did not err in granting summary judgment on this claim. See id. 880 F.2d at 1045; Bounds, 430 U.S. at 828.
 
 
 12
 Finally, Byers contends that his conditions of confinement at the Maricopa County Jail violated his constitutional civil rights.[2] Specifically, he states that he was held in an eight-man cell with less than sixteen square feet per prisoner. Byers suggests that such conditions are in violation of a previous court order. The district court did not address the issue of overcrowding, although it considered Byers's other claims relating to the conditions of confinement at the Maricopa County Jail. Byers raises only the issue of overcrowding in his brief on appeal.
 
 
 13
 The district court erred by granting summary judgment on Byers's eighth amendment claim without considering the issue of overcrowding, and by subsequently denying Byers's motion for reconsideration under Rule 59(e).[3] Accordingly, we remand for further proceedings on the issue of overcrowding only.
 
 
 14
 AFFIRMED IN PART and REMANDED IN PART.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Byers filed his motion for reconsideration within ten days of the judgment. Because the motion sought a substantive change of mind by the court, the motion is cognizable as a motion pursuant to Fed.R.Civ.P. 59(e). See Tripati v. Henman, 845 F.2d 205, 206 (9th Cir.1988)
 
 
 [2]
 Byers has been transferred to a federal prison In Phoenix
 
 
 [3]
 In his opening brief, Byers does not pursue various issues he raised below. These issues are deemed waived. See Wilcox v. Commissioner, 848 F.2d 1007, 1008 n. 2 (9th Cir.1988) (arguments not addressed in brief are deemed abandoned)