981 F.2d 1257
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Carolyn Sue CHALAMIDAS, Petitioner-Appellee,
v.
Michael J. QUINLAN, Director, Bureau of Prisons, Respondent-Appellant,
and
Custodian of Geiger, Correctional Center, Respondent.
 No. 91-36314.
 United States Court of Appeals, Ninth Circuit.
 Argued and Submission Deferred Nov. 2, 1992.
Resubmitted Dec. 10, 1992.
Decided Dec. 11, 1992.
 
 Before EUGENE A. WRIGHT, HUG and POOLE, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 The government appeals the district court's grant of 28 U.S.C. § 2241 habeas relief in favor of Carolyn Chalamidas. The government contends that the district court erred by crediting Chalamidas with time spent in a community treatment center as a condition of special parole. We dismiss this appeal for lack of appellate jurisdiction and remand to the district court so that it may consider the government's timely Fed.R.Civ.P. 59(e) motion, which the district court never addressed.[1]
 
 
 3
 The requirement of a timely notice of appeal is mandatory and jurisdictional. Fed.R.App.P. 4(a); Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978). If a party files a timely post-judgment motion pursuant to Fed.R.Civ.P. 59(e), the time for appeal is tolled until the district court enters an order disposing of the motion. Fed.R.App.P. 4(a)(4). Moreover, if a party files a Rule 59(e) motion, a notice of appeal filed before the disposition of that motion has no effect. Id.; Tinsley v. Borg, 895 F.2d 520, 523 (9th Cir.1990), cert. denied, 111 S.Ct. 974 (1991); Allah v. Superior Court, 871 F.2d 887, 889 (9th Cir.1989) (notice of appeal filed while Rule 59(e) motion pending); Tripati v. Henman, 845 F.2d 205, 205-06 (9th Cir.1988) (per curiam) (Rule 59(e) motion filed one day after notice of appeal filed).
 
 
 4
 Unlike a Rule 59(e) motion, a motion pursuant to Fed.R.Civ.P. 60(b) does not toll the time for filing a notice of appeal under Fed.R.App.P. 4(a). See Securities & Exch. Comm'n v. Seabord Corp., 666 F.2d 414, 415 (9th Cir.1982).
 
 
 5
 Here, the district court entered its judgment granting habeas relief to Chalamidas on October 22, 1991. The government filed a "Motion for Relief from Judgment" on November 4, 1991. Thus, the motion could be a timely Rule 59(e) motion. See Fed.R.Civ.P. 59(e) (timely Rule 59(e) motion must be served not later than ten days from entry of judgment); Fed.R.Civ.P. 6(a) (in computing time for periods less than eleven days, exclude intermediate Saturdays, Sundays, and legal holidays).
 
 
 6
 The pertinent inquiry then becomes whether the motion was a Rule 59(e) motion or a Rule 60(b) motion. The government stated that its motion was made pursuant to Fed.R.Civ.P. 60(b). Nomenclature, however, is not controlling. See Sea Ranch Ass'n v. California Coastal Zone Conservation Comm'n, 537 F.2d 1058, 1061 (9th Cir.1976). Rather, this court will construe a motion, however styled, to be the type proper for the relief requested. See Whittaker v. Whittaker Corp., 639 F.2d 516, 520 (9th Cir.), cert. denied, 454 U.S. 1031 (1981). This court has "consistently held that if a motion is served within ten days of judgment and it could have been brought under Rule 59(e), it tolls the time for appeal although it does not expressly invoke Rule 59." Munden v. Ultra-Alaska Assocs., 849 F.2d 383, 387 (9th Cir.1988) (quoting Sierra On-Line, Inc. v. Phoenix Software, Inc., 739 F.2d 1415, 1419 (9th Cir.1984) (collecting cases)); Miller v. Transamerican Press, Inc., 709 F.2d 524, 527 (9th Cir.1983) (motion styled as Rule 59(e) motion construed as Rule 60(a) motion).
 
 
 7
 A Rule 59(e) motion is appropriate when a party seeks to "alter or amend" a judgment. Fed.R.Civ.P. 59(e). The language "alter or amend" means a substantive change of mind by the court. Miller, 709 F.2d at 527.
 
 
 8
 Here, the government asked the district court to reconsider its judgment based on the district court's alleged "mistake of law." District courts may correct errors of law under Rule 60(b). See Liberty Mut. Ins. Co. v. EEOC, 691 F.2d 438, 441 (9th Cir.1982). The government's motion, however, basically asked the district court to change its ruling and thus sought a substantive change of mind by the court. See Miller, 709 F.2d at 527. Because the motion to reconsider was served within ten days from the entry of judgment, we construe it as a timely Rule 59(e) motion that nullifies the government's notice of appeal. See Tripati, 845 F.2d at 206; Munden, 849 F.2d at 387.
 
 
 9
 The district court never ruled on the government's Rule 59(e) motion because it deemed the motion a Rule 60(b) motion and determined that it lacked jurisdiction to rule on a Rule 60(b) motion after the notice of appeal was filed. See Scott v. Younger, 739 F.2d 1464, 1466 (9th Cir.1984) (no district court jurisdiction to consider Rule 60(b) motion after notice of appeal is filed). The district court and the parties probably considered the motion to be a Rule 60(b) motion because the district court issued its order granting habeas relief on October 11, 1991, and the government did not file its motion until November 4, 1991. The district court's October 11, 1991 order, however, was not entered until October 22, 1991, and thus the government's November 4, 1991 motion was a timely Rule 59(e) motion. See Fed.R.Civ.P. 6(a) & 59(e); Munden, 849 F.2d at 387.
 
 
 10
 In sum, we conclude that we lack jurisdiction over the merits of the government's appeal. We reverse the district court's determination that it lacked jurisdiction to consider the government's motion for reconsideration and remand for consideration of the motion on the merits. See Tripati, 845 F.2d at 206 (employing this procedure).[2]
 
 
 11
 DISMISSED in part, REVERSED in part, and REMANDED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Although the parties did not raise the issue, we must sua sponte consider our jurisdiction to hear this appeal. See Abernathy v. Southern Cal. Edison, 885 F.2d 525, 527 (9th Cir.1989)
 
 
 [2]
 After the district court held that it lacked jurisdiction over a Rule 60(b) motion, the government filed a motion in the district court asking if the court was willing to entertain the motion and stating that it intended to seek a limited remand from this court if the district court were willing to entertain the Rule 60(b) motion. See Scott, 739 F.2d at 1466 (setting forth this procedure). The district court subsequently held that it was willing to entertain a Rule 60(b) motion, but the government never sought a limited remand from this court