990 F.2d 1259
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Clay Jackson MYERS, Jr., Plaintiff-Appellant,
v.
John VERKAMP, et al., Defendants-Appellees.
 No. 92-15853.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 23, 1993.*
Decided March 26, 1993.
 
 Before: WALLACE, Chief Judge, and FARRIS and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Clay Jackson Myers, an Arizona state prisoner, appeals pro se the district court's dismissal of his 42 U.S.C. § 1983 prisoner civil rights complaint. We dismiss for lack of appellate jurisdiction.
 
 
 3
 The requirement of a timely notice of appeal is mandatory and jurisdictional. See Fed.R.App.P. 4(a); Browder v. Director, Dep't of Corrections, 434 U.S. 257, 264 (1978). A notice of appeal is jurisdictionally invalid if it is filed before the disposition of a timely motion brought pursuant to Fed.R.Civ.P. 59(e). See Fed.R.App.P. 4(a)(4); Tripati v. Henman, 845 F.2d 205, 206 (9th Cir.1988). Thus, this court has held that when a litigant files a notice of appeal one day and then files a timely Rule 59(e) motion on the next day, the notice of appeal is "not merely defective; it [is] a nullity." Id. (citation and quotation omitted).
 
 
 4
 Here, Myers filed his notice of appeal and timely Rule 59(e) motion simultaneously. Under Tripati, his notice of appeal is a nullity. See id. Accordingly, this court lacks jurisdiction over Myers' appeal.
 
 
 5
 This appeal is dismissed for lack of jurisdiction.
 
 
 6
 DISMISSED.
 
 
 
 *
 The panel finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3