996 F.2d 1223
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
David CANTARELLA, Plaintiff-Appellant,
v.
David KUZEMCHAK, Douglas McPartland, Wendy Lynn Gay, and
DOES 1 through 10, Defendants-Appellees.
 No. 92-16466.
 United States Court of Appeals, Ninth Circuit.
 Submitted June 8, 1993.*
Decided June 16, 1993.
 
 Before: CANBY, FERNANDEZ, and T.G. NELSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 The appellant challenges the district court's dismissal of his action as barred by the Nevada statute of limitations. Because the appellant has not timely filed a notice of appeal, we lack jurisdiction and dismiss this appeal.
 
 I.
 FACTS AND PRIOR PROCEEDINGS
 
 3
 Appellant David Cantarella was arrested and imprisoned on criminal charges on January 13, 1990. He was acquitted on March 28, 1990. On March 17, 1992, the appellant filed a complaint against police officers alleging false arrest, false imprisonment, and malicious prosecution under 42 U.S.C. § 1983.[1]
 
 
 4
 The officers moved to dismiss the case as barred by Nevada's two year statute of limitations. The district court granted the motion and dismissed all of the appellant's claims on August 3, 1992.[2]
 
 
 5
 On August 13, 1992, the appellant filed both a motion for reconsideration and his notice of appeal. He claims that his cause of actions did not accrue until his acquittal, which would mean that his suit commenced within the two year limitations period. We dismiss for lack of jurisdiction.
 
 II.
 JURISDICTION
 
 6
 An effective notice of appeal must be filed for this court to have jurisdiction to hear the case. Tripati v. Henman, 845 F.2d 205, 206 (9th Cir.1988) (per curiam). A notice of appeal shall have no effect if it is filed before the disposition of a Rule 59 motion for reconsideration. Id.; Fed.R.App.P. 4(a)(4); United States for the use of Pippin v. J.R. Youngdale Constr. Co., 923 F.2d 146, 149 (9th Cir.1991) (notice of appeal filed by one defendant was ineffective when codefendant subsequently filed a motion for reconsideration); Griggs v. Provident Consumer Discount Co., 459 U.S. 56, 61 (1982) (per curiam) (explaining that a notice of appeal filed while a motion for reconsideration is still pending is premature and a nullity, and the court of appeals lacks jurisdiction to act).
 
 
 7
 The appellant's notice of appeal was filed concurrently with his motion for reconsideration. This necessarily means that the notice was filed before the disposition of the Rule 59 motion. Therefore, we do not have jurisdiction over this case and must dismiss the appeal.
 
 
 8
 APPEAL DISMISSED.
 
 
 
 *
 The panel finds this case appropriate for submission without argument pursuant to 9th Cir.R. 34-4 and Fed.R.App.P. 34(a)
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The appellant actually alleged these causes of action under § 1981, but the district court treated them as § 1983 claims
 
 
 [2]
 The district court correctly reasoned that state statute of limitations apply to § 1983 claims, and such actions are characterized as personal injury for limitations purposes. See Wilson v. Garcia, 471 U.S. 261, 276 (1985). The court concluded that under the Nevada statue of limitations, the state where the conduct occurred, the actions were barred because the suit was filed more than two years from the date of the arrest. See Nev.Rev.Stat. § 11.190(4)(e) (1991)
 In their reply brief, the appellees concede that the malicious prosecution cause of action should not have been dismissed because it did not accrue until the acquittal. We lack jurisdiction to cure this defect.