300 F.3d 1061
 Odelia MILLER; Erma Lee Miller, Plaintiffs-Appellants,
v.
MARRIOTT INT'L, INC.; Courtyard Management Corporation; World Travel Inns Limited Partnership IV; MLEM Properties, Inc.; American General Hospitality, Inc., Defendants-Appellees.
Odelia Miller; Erma Lee Miller, Plaintiffs-Appellants,
v.
Marriott Int'l, Inc.; Courtyard Management Corporation; World Travel Inns Limited Partnership IV; MLEM Properties, Inc.; American General Hospitality, Inc., Defendants-Appellees, and
Sohial Anwar, Manuel Javier; Victor Firooztale; La Shonte Netherly; Lewin (Last name refused); Mindy Doe, Defendants.
 No. 99-56947.
 No. 00-56820.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 6, 2002.*
 Filed August 16, 2002.
 
 Lawrence F. Schoelch, Encino, California, for the plaintiffs-appellants.
 Kimberly J. Burstein, Bryan Cave, LLP, Santa Monica, California, for defendants-appellees Marriott International, Inc. and Courtyard Management Corp.
 Richard D. Newman, Murchison & Cumming, Santa Ana, California, for defendants-appellees MLEM Properties Inc. and World Travel Inns Limited Partnership.
 Cheryl D. Davidson, Royce, Grimm, Vranjes, McCormick & Graham, LLP, San Diego, California, for defendant-appellee American General Hospitality, Inc.
 Appeal from the United States District Court for the Central District of California, Gary Feess, District Judge, Presiding. D.C. No. CV-98-07838-GAF.
 Before BROWNING, THOMAS and RAWLINSON, Circuit Judges.
 OPINION
 RAWLINSON, Circuit Judge.
 
 
 1
 Plaintiffs-Appellants Odelia Miller and Erma Lee Miller (sometimes jointly referred to as the "Millers") appeal the district court's dismissal of their complaint pursuant to their request and the district court's grant of attorney fees and costs to Defendants. Because we have no jurisdiction over the merits, we dismiss the Millers' appeal.
 
 
 BACKGROUND
 
 
 2
 The Millers filed a complaint in state court alleging various state law causes of action and a separate cause of action under the Americans with Disabilities Act (the "ADA") against Defendants as a result of their alleged refusal to permit the Millers to check into various hotel rooms when they were accompanied by a service dog. Following removal, the magistrate judge granted Defendants' motion for sanctions based on various discovery abuses, and conditionally ordered Odelia Miller to appear for a deposition. The Millers appeared for the deposition and represented that they would dismiss their case to prevent Defendants from incurring additional attorneys' fees.
 
 
 3
 Subsequently, the magistrate judge ordered Erma Miller to pay Defendants $25,000.00 in sanctions pursuant to his earlier order. The magistrate judge, however, provided that if the Millers followed through with their representation to dismiss the entire action with prejudice by October 19, 1999, the order awarding sanctions would be deemed vacated, and "Plaintiff shall not be required to pay any of the foregoing monetary sanctions." On October 18, 1999, the Millers requested dismissal of their complaint with prejudice. Their request was granted by the district court in an order entered on October 21, 1999. No judgment was ever entered. However, on November 9, 1999, the Millers filed a Notice of Appeal of the dismissal order.
 
 
 4
 A few days before the Millers filed their Notice of Appeal, Defendants sought attorneys' fees and costs, on the basis that the Millers' complaint was fabricated and without merit. The district court granted Defendants' motion and on September 20, 2000, ordered the Millers to pay Defendants' attorney fees and costs. On October 17, 2000, the Millers filed a Notice of Appeal of the district court's orders awarding fees and costs.
 
 
 5
 Between October 17, 2000, and November 20, 2000, the Millers filed three motions for reconsideration pursuant to Rule 60(b) of the Federal Rules of Civil Procedure. The Millers sought relief from judgment based on "mistake, inadvertence, surprise, or excusable neglect," "fraud ..., misrepresentation, or other misconduct of an adverse party," "newly discovered evidence," "the judgment [being] void," and "any other reason justifying relief from ... judgment." While the memoranda supporting these motions argued principally for reconsideration of the award of attorneys' fees, the Millers also challenged the dismissal of their complaint because the magistrate judge did not have the authority to offer to forego sanctions in exchange for the Millers' dismissal of their case.
 
 
 6
 In a Minute Order entered on January 19, 2001, the district court ruled that it did not have jurisdiction to dispose of the Rule 60(b) motions after the filing of a notice of appeal, absent remand from the Court of Appeals. The district court, pursuant to Crateo, Inc. v. Intermark, Inc., 536 F.2d 862 (9th Cir.1976), indicated "that it [was] not willing to `entertain' or grant Plaintiffs' Rule 60(b) motion." On February 15, 2001, the Millers filed a Notice of Appeal of the district court's Rule 60(b) order. On May 21, 2001, a screening panel dismissed the appeal of the Rule 60(b) order for lack of jurisdiction because the order was procedural and not a final determination on the merits.
 
 
 DISCUSSION
 
 
 7
 The present appeal must be dismissed for lack of jurisdiction. The filing of an effective notice of appeal is a jurisdictional requirement which cannot be waived. See Vernon v. Heckler, 811 F.2d 1274, 1276 (9th Cir.1987); see also Tripati v. Henman, 845 F.2d 205, 206 (9th Cir.1988) (holding that an effective notice of appeal must be filed for this Court to have jurisdiction to hear the case). Rule 4(a)(4) of the Federal Rules of Appellate Procedure, as amended subsequent to 1993, provides in pertinent part:
 
 
 8
 (4) Effect of a Motion on a Notice of Appeal.
 
 
 9
 (A) If a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion:
 
 
 10
 (i) for judgment under Rule 50(b);
 
 
 11
 (ii) to amend or make additional factual findings under Rule 52(b), whether or not granting the motion would alter the judgment;
 
 
 12
 (iii) for attorney's fees under Rule 54 if the district court extends the time to appeal under Rule 58;
 
 
 13
 (iv) to alter or amend the judgment under Rule 59;
 
 
 14
 (v) for a new trial under Rule 59; or
 
 
 15
 (vi) for relief under Rule 60 if the motion is filed no later than 10 days (computed using Federal Rule of Civil Procedure 6(a)) after the judgment is entered.
 
 
 16
 (B)(i) If a party files a notice of appeal after the court announces or enters a judgment—but before it disposes of any motion listed in Rule 4(a)(4)(A)—the notice becomes effective to appeal a judgment or order, in whole or in part, when the order disposing of the last such remaining motion is entered.
 
 
 17
 (Emphasis added). Under these provisions, a notice of appeal filed after the district court announces judgment is not effective until the district court has disposed of all Rule 60(b) motions filed no later than ten (10) days after judgment is entered.
 
 
 18
 In the present case, both notices of appeal were filed after the announcement of judgment, i.e., entry of the order dismissing the case. However, because no judgment was entered, the Millers' Rule 60(b) motions were in fact filed no later than 10 days after judgment was entered. The district court declined to rule on the Rule 60(b) motions under the mistaken impression that it did not have jurisdiction once the Millers filed notices of appeal.[1] Under Rule 4(a)(4)(A), the Millers' Rule 60(b) motions prevented the Millers' notices of appeal from becoming effective until the district court rules on the merits of those motions.[2] See United Nat. Ins. Co. v. R & D Latex Corp., 242 F.3d 1102, 1109 (9th Cir.2001) (indicating that ordinarily notice of appeal becomes effective when district court rules on motion for reconsideration). As the Millers' notices of appeal are not yet effective, we are without jurisdiction to entertain the Millers' appeal. See id. (limiting appeals to those where a valid notice of appeal is filed).
 
 
 19
 Defendants contend that the order dismissing the case was a final judgment because it was a separate document distinct from any opinion or memorandum. However, because the dismissal order provides the basis for the entry of judgment, the order itself cannot satisfy the separate document requirement. See McCalden v. Calif. Library Ass'n, 955 F.2d 1214, 1218 (9th Cir.1990) (holding that an order dismissing the case did not satisfy Rule 58's separate document requirement because the order was never entered as a separate document). In this case, only one document disposes of the merits, and that one document, by definition, cannot also constitute a separate document.
 
 
 20
 The district court ruled that since the Millers had "failed to present any justification for giving Plaintiff's [sic] relief from the Court's September 19, 2000, Order, the Court hereby indicates that it is not willing to `entertain' or grant Plaintiffs' Rule 60(b) motion." Defendants assert that this ruling effectively disposed of the Rule 60(b) motions. But the district court clearly indicated that it never entertained the Rule 60(b) motions. See Defenders of Wildlife v. Bernal, 204 F.3d 920, 930 (9th Cir.2000) (declaring a district court order declining to entertain or grant a Rule 60(b) motion to be a procedural ruling and not a final determination on the merits).
 
 
 21
 Defendants' remaining policy arguments are unpersuasive. Defendants posit that Fed.R.Civ.P. 58 should not be interpreted to curtail appeal rights, and a finding of no judgment in the present case would do so by destroying jurisdiction. Jurisdiction, however, is not destroyed but merely deferred. While Defendants' concern that the Millers might lose their right to appeal is laudable, the Millers' notices of appeal will become effective once the district court disposes of the Rule 60(b) motions. Defendants counter that under the rationale espoused in Crateo, the district court was deprived of jurisdiction and if the pendency of the Rule 60(b) motions deprived this Court of jurisdiction as well, the appeal "would fall into a jurisdictional limbo that could never be resolved." However, Crateo was decided long before Fed.R.App.P. 4 was amended in 1993. The change in Rule 4 effectively overrules Crateo with respect to Rule 60(b) motions filed no later than ten (10) days after judgment was entered. The district court retains jurisdiction to decide such motions. The district court, therefore, must dispose of the Millers' motions before we may assume jurisdiction over the merits of their appeal.
 
 
 22
 Accordingly, we VACATE the district court's order indicating that it was without jurisdiction to consider the Millers' Rule 60(b) motions and REMAND for consideration of those motions.[3] See Carriger v. Lewis, 971 F.2d 329, 332 (9th Cir.1992) (en banc) (acknowledging our jurisdiction to determine whether the district court had jurisdiction over Rule 60(b) motion). We DISMISS the remainder of the Millers' appeals for lack of jurisdiction until such time as the district court rules on the Millers' pending Rule 60(b) motions.[4]
 
 
 23
 VACATED AND REMANDED IN PART; DISMISSED IN PART. Each party shall bear its own costs on appeal.
 
 
 
 Notes:
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a)(2)
 
 
 [1]
 The district court's order was based on our decision inSmith v. Lujan, 588 F.2d 1304, 1307 (9th Cir.1979). However, Smith was decided before Rule 4 was amended to suspend the effect of a notice of appeal when a Rule 60(b) motion is filed no later than ten (10) days after judgment is entered. See United Nat. Ins. Co. v. R & D Latex Corp., 242 F.3d 1102, 1109 (9th Cir.2001) (holding that notice of appeal did not divest the district court of jurisdiction at the time it was filed because a motion for reconsideration was pending).
 
 
 [2]
 We need not decide whether a Rule 60(b) motion requesting only reconsideration of an order awarding attorney fees tolls the effectiveness of a notice of appeal because the Millers' Rule 60(b) motions not only challenged the attorney fee award but also sought to vacate the district court's announced judgment of dismissalSee Jones v. UNUM Life Ins. Co. of Am., 223 F.3d 130, 137-138 (2d Cir.2000) (recognizing that a Rule 60(b) motion seeking attorney fees is covered by Fed.R.App.P. 4(a)(4)(A)(vi) when the motion also addresses the merits of the judgment).
 
 
 [3]
 Vacating the district court's order does not inappropriately reverse this Court's prior motion panel decision to dismiss, based on lack of jurisdiction, the Millers' appeal of the district court's Rule 60(b) orderSee United States v. Houser, 804 F.2d 565, 567 (9th Cir.1986) (holding that the law of the case doctrine does not bar a panel reviewing the merits of an appeal from reconsidering a motions panel's jurisdictional ruling).
 
 
 [4]
 Also before the Court are Appellants' Request for Judicial Notice received on September 10, 2001; Appellees' Joint Motion to Strike Portions of Appellants' Excerpts of Record received on August 3, 2001; Appellees' Request for Judicial Notice received on August 3, 2001; and Appellees' Motion to Strike Portion of Appellants' Reply Brief filed on October 5, 2001. Because we lack jurisdiction over the merits of the Millers' appeal, we deny these motions without prejudice. The parties may refile these motions, if necessary, once the Millers' Notices of Appeal become effective