857 F.2d 1366
 12 Fed.R.Serv.3d 409
 Anant Kumar TRIPATI, Plaintiff-Appellant,
v.
G.L. HENMAN; Ogis Fields, Regional Director, Western
Region; Norman Carlson, Director Federal Prison System;
William Perrill; R.J. Barncastle; Willis Gibson; Chuck
Smallwood; Yolanda Savage, Defendants-Appellees.
 No. 87-2323.
 United States Court of Appeals,
Ninth Circuit.
 Submitted Aug. 15, 1988*.
Decided Sept. 26, 1988.
 
 Anant Kumar Tripati, La Tuna, Tex., in pro. per.
 James D. Whitney, Asst. U.S. Atty., Tucson, Ariz., for defendants-appellees.
 Appeal from the United States District Court for the District of Arizona.
 Before BRUNETTI, KOZINSKI and THOMPSON, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellant Tripati presents us with the interesting question of whether a prisoner's constitutional right of access to the courts encompasses the right to an adequate law library, to enable the prisoner to defend civil forfeiture actions. Unfortunately, he presents it on the wrong appeal.
 
 
 2
 In June 1986, Tripati filed a complaint against federal prison officials (action # 1), alleging the inadequacy of the law library at the Federal Correctional Institution at Tucson. On April 14, 1987, the district court, in granting the officials' cross-motion for summary judgment, ruled that the law library met the constitutional standards set forth in Lindquist v. Idaho State Board of Corrections, 776 F.2d 851 (9th Cir.1985). On April 20, Tripati filed a notice of appeal. The next day, he filed a motion pursuant to Rule 59(e) of the Federal Rules of Civil Procedure asking the district court to alter or amend the judgment. On April 22, the district court denied the motion for lack of jurisdiction. Tripati appealed the denial on May 27.
 
 
 3
 Tripati had meanwhile filed a nearly identical complaint, naming many of the same defendants, in September 1986 (action # 2). In an order dated May 13, 1987, the same district judge again granted defendants' motion for summary judgment. The court correctly held that Tripati's claims regarding the adequacy of the law library were precluded by the court's decision of a month earlier in action # 1. Tripati appealed the order terminating action # 2; this is the judgment we are reviewing today.
 
 
 4
 In the meantime, however, we disposed of action # 1. In Tripati v. Henman, 845 F.2d 205 (9th Cir.1988), we determined that the district court was incorrect in denying Tripati's Rule 59(e) motion for lack of jurisdiction. We held that the Rule 59(e) motion rendered the prior notice of appeal a nullity and that the district court thus retained jurisdiction. Accordingly we reversed and remanded to the district court for consideration of the motion.
 
 
 5
 On the basis of what has been presented to us, it appears that action # 1 has progressed no farther. There has been a district court decision, Tripati has a Rule 59(e) motion pending, and, if past experience is any guide, Tripati will appeal the decision if his motion is denied. We must now determine the preclusive effect of action # 1's law library ruling on the identical claim asserted in action # 2.
 
 
 6
 "The established rule in the federal courts is that a final judgment retains all of its res judicata consequences pending decision of the appeal...." 18 C. Wright, A. Miller & E. Cooper, Federal Practice and Procedure Sec. 4433, at 308 (1981). See SSIH Equipment S.A. v. United States Int'l Trade Comm'n, 718 F.2d 365, 370 (Fed.Cir.1983). To deny preclusion in these circumstances would lead to an absurd result: Litigants would be able to refile identical cases while appeals are pending, enmeshing their opponents and the court system in tangles of duplicative litigation. See Warwick v. Maryland Dep't of Transp., 573 F.Supp. 1011, 1014 (D.Md.1983), aff'd without opinion, 735 F.2d 1359 (4th Cir.1984). A pending Rule 59(e) motion similarly does not deprive a judgment of finality for res judicata purposes.[1] See Restatement (Second) of Judgments Sec. 13 comment f (1982). This case illustrates the logic behind the rule. To deny action # 1's preclusive effect while Tripati's motion is pending would enable him to simultaneously maintain two identical claims in the same district court.
 
 
 7
 The court below was accordingly correct in recognizing that its rejection of Tripati's law library claim in action # 1 precluded its consideration of the identical claim in action # 2. The law library claim having been first raised and resolved in action # 1, it must be finally disposed of in that action. We will be able to consider the merits of what appears to be an interesting legal issue sometime in the near future, if and when Tripati files another appeal in action # 1.
 
 
 8
 AFFIRMED.
 
 
 
 *
 The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34-4 and Fed.R.App.P. 34(a)
 
 
 [1]
 We note that a pending Rule 59 motion deprives a case of finality for appellate jurisdiction purposes--indeed, this was the reason we remanded action # 1 for consideration of the motion. 845 F.2d at 206. This observation does not suggest, however, that a pending Rule 59 motion deprives the judgment of finality for preclusion purposes. See 18 C. Wright, A. Miller & E. Cooper, supra, at Sec. 4432, p. 299 ("it is clear that definitions of finality cannot automatically be carried over from appeals cases to preclusion problems"). The policies served by the finality requirement are very different in the two instances. In the case of appellate jurisdiction, the requirement ensures that appellate courts do not waste time reviewing cases whose outcomes might change. By setting the point of "finality" after the disposition of the Rule 59 motion, we save trial courts and appellate courts from duplicating each other's work. In the case of preclusion, the finality requirement ensures that parties have a full opportunity to litigate a claim before they are barred from asserting it again. The claim has already been fully litigated by the time a Rule 59 motion is pending; the considerations of economy underlying preclusion militate in favor of setting the point of "finality" sooner rather than later
 Language in one of our earlier cases may misleadingly suggest that we have ruled to the contrary. In Russell v. Comm'r, 678 F.2d 782, 786 (9th Cir.1982), we wrote: "A judgment is not a final judgment for res judicata purposes if further judicial action by the court rendering the judgment is required to determine the matter litigated." The "further judicial action," however, did not refer to a post-trial motion; it referred to the fact that the prior ruling in Russell was only partial and had left issues pending. We certainly did not intend to indicate that a judgment would be deprived of its finality for preclusion purposes by the filing of a Rule 59 motion.