892 F.2d 1045
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
 Alexander DAMASCUS, D.D.S., Plaintiff-Appellant,
v.
FIVE UNKNOWN NAMED AGENTS FOR U.S. ATTORNEY GENERALS OFFICE;
Delta Dental Plan of California, Inc.; Patty Borgia;
Sixty Unknown Named Highway Patrol Men; Rodney Stein;
Santa Clara County District Attorney's Office; Santa Clara
County Sheriff's Department; George Deukmejian; Pacific
Bell; Wells Fargo Bank; American Telephone and Telegraph;
Nicholos Murotsume; 1000 Unknown Agents of Department of
Health Services and the Board of Dental Examiners of the
State of California, George Sutliff; Russel Seja; PMI,
Inc.; The Director of the Board of Dental Examiners of the
State of California; Lawrence Puccinelli; Leo Himmlesback;
San Jose Police; Bruce Peterson; John Van De Camp; Nancy
Hasse; Vivian Ramsey; Spencer R. Quin; Jeffry Janoff;
Fifty Unknown Named Agents of Thousand Unknown Named Agents
of the Department of Health and Human Services; the FBI;
and the DEA, Ad Type, and Does MMMCMXXX, Defendants-Appellees.
 
 1
 No. 87-2329.
 
 
 2
 United States Court of Appeals, Ninth Circuit.
 
 Argued and Submitted Dec. 11, 1989.
Decided Jan. 5, 1990.
 
 3
 Before TANG, SKOPIL and FLETCHER, Circuit Judges
 
 
 4
 MEMORANDUM*
 
 
 5
 Alexander Damascus appeals pro se the district court's denial of a motion to reconsider following the dismissal of his civil rights action on res judicata grounds. Damascus contends that the district court erred by applying res judicata to this action. We disagree and affirm.
 
 
 6
 Damascus first argues that res judicata should not apply here because his prior actions were pending on appeal at the time of the dismissal order. Usually, a former judgment will not be given preclusive effect unless it is valid, final, and on the merits. Hooker v. Klein, 573 F.2d 1360, 1367 (9th Cir.), cert. denied, 439 U.S. 932 (1978). It is settled, however, that the pendency of an appeal does not alter the preclusive effect of an otherwise final decision of a district court. Tripati v. Henman, 857 F.2d 1366, 1367 (9th Cir.1988) (per curiam). The district court's dismissal of the prior consolidated cases for failure to state a claim effectively disposed of those actions. See Federated Dep't Stores, Inc. v. Moitie, 452 U.S. 394, 399 n. 3 (1981) (dismissal for failure to state a claim is a judgment on the merits). Thus there was a final decision for res judicata purposes at the time Damascus filed this action. See Tripati, 857 F.2d at 1367.
 
 
 7
 Damascus also argues that no preclusive effect should be given to the former judgment because there was no identity of parties or claims between the former judgment and this case. Identity of parties and claims is generally required for a res judicata bar. Los Angeles Branch, NAACP v. Los Angeles Unified Sch. Dist., 750 F.2d 731, 737-42 (9th Cir.1984), cert. denied, 474 U.S. 919 (1985). However, the fact that a different or additional form of relief is requested or that additional parties are brought into the second action whose conduct allegedly contributed to the same wrong as that involved in the first action will not preclude the application of res judicata. See, e.g., Rosenthal v. Nevada, 514 F.Supp. 907, 912 (D.Nev.1981). Here, except for the addition of Delta Dental Plan of California, Inc., the Drug Enforcement Administration, and a half-dozen named individual defendants, the parties to this action are identical to those listed in one or more of the three previously dismissed federal actions. While the wording of the claims in this case is not identical to that found in the three other actions, the gist of the claims is the same. Accordingly, we hold that there was no error in applying res judicata to bar this action. We therefore need not decide whether dismissal would also have been proper for want of subject matter jurisdiction on the ground that the claims are frivolous.
 
 
 8
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3