92 F.3d 1193
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
In re PARK-HELENA CORP. Debtor.
Darrell TOWNSEND, Appellant,
v.
Ronald L. DURKIN, Chapter 11 Trustee, Appellee.
In re PARK-HELENA CORP. Debtor.
Gary W. FAGNER, Appellant,
v.
Ronald L. DURKIN, Chapter 11 Trustee, Appellee.
 Nos. 95-56219, 95-56221.
 United States Court of Appeals, Ninth Circuit.
 Submitted July 29, 1996.*
Decided Aug. 5, 1996.
 
 Before: HUG, Chief Judge; SCHROEDER and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 In this consolidated appeal, appellants Darrell Townsend and Gary Fagner ("appellants") appeal pro se the decision of the Bankruptcy Appellate Panel ("BAP") affirming the bankruptcy court's summary judgment against appellants in an action filed by Chapter 11 Trustee Ronald Durkin ("trustee"). The trustee sought to avoid transfers made by the Park-Helena Corporation ("debtor") to Gerald Meyer ("Meyer"), and subsequently to appellants, as fraudulent transfers under 11 U.S.C. § 548, and to recover those transfers pursuant to 11 U.S.C. § 550. We have jurisdiction pursuant to 28 U.S.C. § 158(d), and we affirm.
 
 
 3
 Because we are in as good a position as the BAP to review the bankruptcy court's decision, we independently review the bankruptcy court's rulings. See Havelock v. Taxel (In re Pace), 67 F.3d 187, 191 (9th Cir.1995). We review the bankruptcy court's factual findings for clear error and its conclusions of law de novo. Id.
 
 
 4
 A trustee may avoid a transfer of funds by a debtor if the transfer was made with the intent to hinder, delay or defraud creditors, and if the debtor transferred the funds less than a year before the bankruptcy was filed. 11 U.S.C. § 548(a)(1). The trustee may recover the property transferred as part of an avoidable transfer from the initial transferee, see 11 U.S.C. § 550(a)(1), as well as from an immediate transferee of the initial transferee, see 11 U.S.C. § 550(a)(2). However, the trustee may not recover from a transferee who takes "for value ... in good faith, and without knowledge of the voidability of the transfer avoided." 11 U.S.C. § 550(b)(1); see also Danning v. Miller (In re Bullion Reserve of North America), 922 F.2d 544, 547 (9th Cir.1991) (noting that the good faith exception of section 550(b)(1) is only available to secondary transferees of the initial transferee).
 
 
 5
 Here, the bankruptcy court avoided the transfers from the debtor to Meyer, the initial transferee, as fraudulent transfers pursuant to section 548. In support of his motion for summary judgment against appellants, the trustee set forth evidence which established that appellants received monetary transfers from Meyer and that neither appellant was obligated to repay Meyer the full amount of the transfer. Furthermore, the trustee set forth evidence that indicated that appellants were in a position to have known that the transfers were avoidable. In their oppositions to summary judgment, the appellants asserted that they had taken for value in good faith, but they failed to submit responsive evidence.
 
 
 6
 The bankruptcy court found that appellants were immediate transferees of Meyer as defined in 11 U.S.C. § 550(a)(2), and that appellants did not take for value in good faith pursuant to 11 U.S.C. § 550(b)(1). The BAP affirmed the bankruptcy court's findings, and rejected appellants' argument that the pendency of Meyer's appeal precluded the bankruptcy court from entering judgment against them as subsequent transferees of Meyer.
 
 
 7
 Appellants contend that summary judgment was inappropriate because they demonstrated that Meyer's transfers to them were "legal" and "for specific purposes."[1] This contention is without merit. Good faith is an affirmative defense and the transferee has the burden of showing good faith. See Hayes v. Palm Seedlings Partners-A (In re Agric. Research and Technology Group, Inc.), 916 F.2d 528, 535 (9th Cir.1990). Here, appellants failed to meet their burden in establishing a genuine issue of fact as to their good-faith receipt of the transfers from Meyer, see id. at 540, because they failed to file a responsive pleading to the trustee's summary judgment motion as required by Fed.R.Bankr.P. 7056.[2]
 
 
 8
 To the extent appellants contend that the bankruptcy court erred by entering judgment against them prior to the resolution of Meyer's appeal, we agree with the BAP that this contention is without merit. See, e.g., Tripati v. Henman, 857 F.2d 1366, 1367 (9th Cir.1988) (per curiam) (noting that the rule in federal courts is that a final judgment retains all of its res judicata consequences pending decision of the appeal).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. See Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 Townsend asserted that he accepted the transfer so he could keep his family out of harm's way from a threatening creditor of the debtor. Fagner asserted that he took the monetary transfer from Meyer and invested it into subsidiaries which had been the property of the debtor
 
 
 [2]
 Federal Rule of Bankruptcy Procedure 7056 states that Fed.R.Civ.P. 56 applies to adversary proceedings