**Mostafa Aram AZADPOUR,**
**Plaintiff–Appellant,**

v.

**SUN MICROSYSTEMS, INC.; et**
**al., Defendants–Appellees.**

Nos. 06–16960, 07–16556.

United States Court of Appeals,
Ninth Circuit.

Submitted July 1, 2008.*

Filed July 11, 2008.

Mostafa Aram Azadpour, Grapevine,
TX, pro se.

Michael W. Foster, Esq., Danielle Ochs–
Tillotson, Esq., David J. Cardiff, Esq.,
Foster & Associates, Oakland, CA, for De-
fendants–Appellees.

Before: WALLACE, HAWKINS, and
THOMAS, Circuit Judges.

MEMORANDUM **

In these consolidated appeals, Mostafa
Aram Azadpour appeals pro se from the
district court's summary judgment in favor
of defendants and final judgment dismiss-
ing Azadpour's actions alleging that he was
wrongfully denied long-term disability ben-
efits. We have jurisdiction under 28
U.S.C. § 1291. After de novo review, *Uni-*

* The panel unanimously finds this case suitable
  for decision without oral argument. *See* Fed.
  R.App. P. 34(a)(2).

*versal Health Servs. v. Thompson,* 363
F.3d 1013, 1019 (9th Cir.2004) (grant of
summary judgment); *Stewart v. U.S. Ban-
corp,* 297 F.3d 953, 956 (9th Cir.2002) (dis-
missal based on res judicata); *Knievel v.
ESPN,* 393 F.3d 1068, 1072 (9th Cir.2005)
(dismissal for failure to state a claim);
*Sparta Surgical Corp. v. Nat'l Ass'n of
Sec. Dealers, Inc.,* 159 F.3d 1209, 1211 (9th
Cir.1998) (denial of remand), we affirm.

In appeal No. 06–16960, we affirm for
the reasons stated in the district court's
order granting summary judgment in fa-
vor of defendants, entered on September
26, 2006. Azadpour advances no argument
challenging the district court's conclusions
of law, and we therefore deem any such
arguments abandoned. *See Indep. Towers
of Wash. v. Washington,* 350 F.3d 925, 929
(9th Cir.2003) (explaining that issues not
argued on appeal are deemed abandoned).
Contrary to his contention, Azadpour may
not present for the first time on appeal
purportedly new facts in opposition to
summary judgment. *See Ramirez v. Ga-
laza,* 334 F.3d 850, 859 n. 6 (9th Cir.2003)
("We have consistently held that a party
may not raise new issues of fact on appeal
after declining to present those facts be-
fore the trial court.").

In appeal No. 07–16556, we affirm the
district court's dismissal based on the doc-
trine of res judicata. *See Tripati. v. G.L.
Henman,* 857 F.2d 1366, 1367 (9th Cir.
1988) (per curiam) ("The established rule
in federal courts is that a final judgment
retains all of its res judicata consequences
pending decision of the appeal.") (citation.
and internal quotation marks omitted).
The district court also properly dismissed
Azadpour's fraud claim,. the only claim in
the second action not subject to res judica-

** This disposition is not appropriate for publi-
  cation and is not precedent except as provid-
  ed by 9th Cir. R. 36–3.

ta, for failure to state a claim. *See* Fed. R.Civ.P. 9(b) (requiring fraud to be pled with particularity); *see also* Cal. Civ.Code § 1573 (establishing elements of constructive fraud under California law).

In both actions, the district court properly denied Azadpour's motions to remand because the Employee Retirement Income Security Act ("ERISA") preempts his claims. *See* 29 U.S.C. § 1144(a) (ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan"); *De-Voll v. Burdick Painting, Inc.*, 35 F.3d 408, 412 (9th Cir.1994) ("The Ninth Circuit has held that ERISA preempts common law theories of breach of contract implied in fact, promissory estoppel, estoppel by conduct, fraud and deceit, and breach of contract.").

Azadpour's remaining contentions are unpersuasive.

Azadpour's motion for leave to file a motion under Rule 60 of the Federal Rules of Civil Procedure in the district court is denied.

Azadpour's motion to file an oversized reply brief in appeal No. 07–16556 is granted.

**AFFIRMED.**

---

\* The panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.