NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

GARY LOWRY and MARIAN CAROL, husband and wife,
*Plaintiffs/Appellants*,

*v.*

JP MORGAN CHASE AND COMPANY, a Delaware corporation; EMC
MORTGAGE LLC, a Delaware limited liability corporation; JP MORGAN
CHASE BANK, N.A., a Delaware corporation; and U.S. BANK
NATIONAL ASSOCIATION,
*Defendants/Appellees*.

No. 1 CA-CV 16-0047
FILED 1-5-2017

Appeal from the Superior Court in Yavapai County
No. V1300CV201580163
The Honorable Jeffrey G. Paupore, Judge *Pro Tempore*

**AFFIRMED**

APPEARANCES

Gary F. Lowry, Marian Carol, Mesa
*Plaintiffs/Appellants In Propria Persona*

Bryan Cave LLP, Phoenix
By Robert W. Shely, Gregory B. Iannelli
*Counsel for Defendants/Appellees*

---

## MEMORANDUM DECISION

Chief Judge Michael J. Brown delivered the decision of the Court, in which Presiding Judge Diane M. Johnsen and Judge Jon W. Thompson joined.

---

**B R O W N**, Chief Judge:

¶1 Gary Lowry and Marian Carol ("Lowry") appeal the superior court's order dismissing their lawsuit against JP Morgan Chase & Company, EMC Mortgage LLC ("EMC"), JP Morgan Chase Bank N.A., and U.S. Bank National Association ("U.S. Bank") (collectively "Defendants"). For reasons that follow, we affirm.

## BACKGROUND

¶2 In 2006, Lowry obtained a $480,000 loan secured by a deed of trust against real property located in Cottonwood, Arizona. Several years later, Lowry sought loan modifications through the Making Home Affordable ("MHA") program and the Home Affordable Modification Program ("HAMP"); both applications were denied.

¶3 Lowry filed a 70-page complaint ("*Lowry I*") for "equitable relief and damages" in the superior court against Defendants (except U.S. Bank) alleging, *inter alia*, unlawful business practices, breach of contract, breach of good faith and fair dealing, unjust enrichment, fraud, unfair debt collection practices, promissory estoppel, violation of consent judgment, and violations of numerous statutory (state and federal) provisions. Broadly summarized, Lowry alleged that Defendants changed the loan modification requirements to prevent Lowry from obtaining a loan modification by declining to consider income from their nonprofit spiritual retreat center instead of their personal income. Lowry also alleged that Defendants' conduct was deceptive and misleading by making confusing demands for documentation, while giving assurances that a modification was underway and near completion. Lowry further claimed that Defendants "knowingly made promises that were false, deceitful, [and] misleading" in 2008 when Defendants stated that they would "work with families" and "offer modifications to borrowers who were not currently delinquent, but who could be at risk of defaulting," in violation of the Arizona Consumer Fraud Act. Lowry thus sought an injunction to prevent Defendants from practicing their "illegal and fraudulent business

practices," an injunction to prevent foreclosure, a declaratory judgment that Defendants' conduct was unlawful, and punitive damages on the fraud cause of action.

**¶4** Defendants removed the case to the United States District Court of Arizona (No. CV11-08177-PCT- JAT) and filed a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim. The court granted Defendants' motion without prejudice, but granted Lowry leave to amend the complaint. Lowry then filed an 88-page amended complaint, withdrawing the unjust enrichment claim. Defendants again sought dismissal for failure to state a claim, which the court granted with prejudice, finding that any further amendments to the complaint would be futile. Lowry's subsequent appeal of the dismissal order is pending in the Ninth Circuit Court of Appeals.

**¶5** Lowry then commenced the instant action ("*Lowry II*"), filing a 71-page "complaint and motion for TRO and preliminary injunction" against Defendants, which now included U.S. Bank National in its role as successor trustee of the deed of trust. Lowry alleged the following claims: fraud under the Arizona Consumer Fraud Act and Federal False Claims Act, negligence per se, filing of false documents, breach of contract of the note and deed of trust, negligent performance of undertaking, violation of the Fair Debt Collection Practices Act, slander of title, breach of the covenant of good faith and fair dealing, breach of trustee's fiduciary duty, filing false documents in violation of Arizona Revised Statutes ("A.R.S.") section 33-420, quiet title, unconscionability, defamation, discharge of the debt, and equitable relief under A.R.S. §§ 47-3602 and -360.

**¶6** The *Lowry II* allegations stem from multiple assignments of the loan to different companies, their debt collection efforts, and Lowry's unsuccessful attempts to obtain a loan modification. Lowry alleged that Defendants engaged in "unlawful and abusive lending and collection practices" when Defendants repeatedly called about collecting the debt and breached a contract when EMC purchased the mortgage and failed to rely on Lowry's spiritual retreat center income in assessing whether to modify the loan. Lowry asserted that Defendants' practices of falsifying documents, making false promises, and changing the modification requirements were deceptive and fraudulent, which inevitably led Lowry to default on the loan and caused foreclosure of the deed of trust.

**¶7** Lowry also asserted that Defendants lacked the authority to foreclose due to multiple transfers of the loan and failure to comply with required formalities, such as title recordation and signature by the borrower

and lender.  According to Lowry, Defendants recorded documents with the Yavapai County Recorder's Office that include false or misleading information.  Lowry also pointed to separate litigation in which Defendants allegedly engaged in fraudulent and deceptive acts with respect to loan practices, including modification.  Lowry further alleged that Defendants had no right to foreclose because there was no longer a lien against the subject property, given that the note allegedly was "paid in full" due to multiple ineffective assignments of the note.

¶8        As with *Lowry I*, Defendants removed the case to federal court (CV-15-8140-PCT-SPL).  In response, Lowry filed a motion to remand to the superior court, while at the same time Defendants sought dismissal for failure to state a claim.  While the motions were pending, Lowry filed an application for entry of default against U.S. Bank, and the district court clerk entered default against U.S. Bank.  Before judgment was entered, the district court granted Lowry's motion to remand to the superior court and Lowry sought a default judgment in the superior court.  U.S. Bank filed a special motion to set aside the district court's entry of default, asserting ineffective service of process.  Defendants (including U.S. Bank) then filed a motion to dismiss, asserting Lowry's claims were barred by the doctrine of res judicata and, alternatively, any claims not barred by res judicata failed to state a claim upon which relief could be granted.  After considering the pending motions, the superior court granted Defendants' motion to dismiss, finding Lowry's claims were precluded based on res judicata and/or failure to state a claim, and that amendment of the complaint would not cure the defects.  The court also found that the motions relating to the district court's entry of default against U.S. Bank were moot.  This timely appeal followed.

## DISCUSSION

¶9        Lowry argues the superior court erred in granting Defendants' motion to dismiss, focusing only on the court's ruling that the claims alleged in *Lowry II* were barred by res judicata.   Lowry also argues the court erred by finding that the entry of default against U.S. Bank was moot.

¶10       We review the superior court's ruling on a motion to dismiss de novo. *Coleman v. City of Mesa*, 230 Ariz. 352, 355–56, ¶ 7 (2012). Dismissal is appropriate only when, as a matter of law, the plaintiff is not "entitled to relief under any interpretation of the facts susceptible of proof." *Id*. at 356, ¶ 8 (internal quotation omitted).  In deciding whether a complaint states a claim upon which relief can be granted, we "must assume the truth of all

well-pleaded factual allegations and indulge all reasonable inferences from those facts, but mere conclusory statements are insufficient." *Id.* at ¶ 9.[1] We are bound to affirm if the superior court was "correct in its ruling for any reason." *Phelps Dodge Corp. v. El Paso Corp.*, 213 Ariz. 400, 404 n. 7, ¶ 17 (App. 2006).

### A. Res judicata

**¶11** When a federal court issues a judgment, federal law dictates the preclusive effect of the judgment. *In re Gen. Adjudication of All Rights to Use Water in the Gila River Sys. & Source*, 212 Ariz. 64, 69, ¶ 13 (2006). Res judicata bars a claim when the earlier suit "(1) involved the same 'claim' or cause of action as the later suit, (2) reached a final judgment on the merits, and (3) involved identical parties or privies." *Mpoyo v. Litton Electro–Optical Sys.*, 430 F.3d 985, 987 (9th Cir. 2005) (internal quotation marks omitted).

**¶12** Lowry argues that the claims raised in *Lowry II* are not identical to the claims in *Lowry I* and thus res judicata is inapplicable. Whether the claims are the same, however, does not turn on whether they are identically worded, but instead on whether they arise out of the same transaction. *See Frank v. United Airlines, Inc.*, 216 F.3d 845, 851 (9th Cir. 2000) ("The central criterion in determining whether there is an identity of claims between the first and second adjudications is 'whether the two suits arise out of the same transactional nucleus of facts.'" (quoting *Costantini v. Trans World Airlines*, 681 F.2d 1199, 1201–02 (9th Cir. 1982))). Here, the superior court ruled that "[t]he facts, claims, and issues are substantially the same in *Lowry I* and *Lowry II*," and the record supports this finding.

**¶13** In *Lowry I*, the district court analyzed each of the five counts alleged in the amended complaint (consumer fraud, unlawful business practices, breach of contract, unfair debt collection practices, and promissory estoppel), each of which relate to Lowry's failed home loan modifications. The complaint in *Lowry II* includes some claims that are

---

[1] Although Defendants attached some of the pleadings and rulings filed in *Lowry I* to their motion to dismiss, we are not required to convert the motion to dismiss to a motion for summary judgment. *See Strategic Dev. & Constr., Inc. v. 7th & Roosevelt Partners, LLC*, 224 Ariz. 60, 64, ¶ 13 (App. 2010) (noting "a Rule 12(b)(6) motion that presents a document that is a matter of public record need not be treated as a motion for summary judgment.").

identical to those raised in *Lowry I*; those claims are plainly barred by res judicata. Other claims raised in *Lowry II*, although given different labels—abusive lending and collection practices, impermissible transfers of the mortgage to varying loan servicers, deceptive and fraudulent schemes—arise from the same circumstances underlying the claims in *Lowry I*. Both lawsuits are predicated on the 2006 loan and Lowry's unsuccessful efforts to modify the loan. Thus, except for claims that arguably arose after *Lowry I*,[2] the claims in *Lowry II* derive from the same transactional nucleus and therefore Lowry could have brought them in *Lowry I*. *See Owens v. Kaiser Found. Health Plan, Inc.*, 244 F.3d 708, 714 (9th Cir. 2001) ("[T]hese are all grounds for recovery which could have been asserted, whether they were or not, in a prior suit between the same parties . . . on the same cause of action." (quoting *Gregory v. Widnall*, 153 F.3d 1071, 1074 (9th Cir. 1998))).

**¶14**        Lowry also argues that res judicata is inapplicable because no judgment on the merits was issued in *Lowry I* since it was dismissed on a motion for failure to state a claim. The dismissal in *Lowry I*, however, was with prejudice, which means it is a judgment on the merits to which res judicata applies. *See Stewart v. U.S. Bancorp*, 297 F.3d 953, 957 (9th Cir. 2002) ("Supreme Court precedent confirms that a dismissal for failure to state a claim under Rule 12(b)(6) is a 'judgment on the merits' to which res judicata applies.") (quoting *Federated Dep't Stores v. Moitie*, 452 U.S. 394, 399 n. 3 (1981))). Moreover, Lowry does not dispute that U.S. Bank (the only new entity in *Lowry II*) was in privity with the other defendants. Therefore, the superior court properly found that the majority of claims alleged in *Lowry II* were precluded by res judicata.[3]

---

[2]        The fifteen-count complaint in *Lowry II* includes several claims (negligence per se, filing false documents, slander of title, breach of fiduciary duty, unconscionability, defamation) that arguably arose after the dismissal order in *Lowry I* was entered and therefore may not be barred by res judicata. As explained *infra* ¶¶ 15-19, the superior court properly dismissed those claims for failure to state a claim upon which relief could be granted.

[3]        Lowry also asserts that res judicata does not apply because the dismissal order in *Lowry I* is subject to a pending appeal. Contrary to Lowry's assertion, "[t]he established rule in the federal courts is that a final judgment retains all of its res judicata consequences pending decision of the appeal." *Tripati v. Henman*, 857 F.2d 1366, 1367 (9th Cir. 1988).

### B.        Failure to State a Claim

**¶15**        Defendants acknowledge that several of Lowry's claims (negligence per se, violation of A.R.S. § 33-420, slander of title, breach of trustee's fiduciary duty, unconscionability, and defamation) likely are not barred by res judicata because the alleged acts on which those claims are based occurred after judgment in *Lowry I* was entered, or were withdrawn from the original complaint in *Lowry I* and thus did not reach final judgment. Defendants instead challenged these claims in their motion to dismiss for failure to state a claim pursuant to Arizona Rule of Civil Procedure 12(b)(6).

**¶16**        A complaint must consist of a short and plain statement of the claim showing that the pleader is entitled to relief. Ariz. R. Civ. P. 8(a)(2). Though the court assumes the truth of all factual allegations, mere conclusory statements are insufficient. *See Cullen v. Auto-Owners Ins. Co.*, 218 Ariz. 417, 419, ¶ 7 (2008).

**¶17**        In their motion to dismiss, Defendants argued that the remaining counts not barred by res judicata failed to state claims for which relief could be granted because Lowry alleged purely legal conclusions. Defendants asserted that for the claim of negligence per se, Lowry failed to allege an act or omission that would constitute negligence per se/false recordings pursuant to A.R.S. § 39-161 (presenting false instrument for filing), § 13-2320(A)(4) (residential mortgage fraud), or § 33-420(E) (claiming false lien) and did not allege Defendants had any knowledge the recorded documents contained a material misstatement or false claim. Defendants argued the slander of title claim was based solely on the subjective but unsupported conclusion that Defendants had no right or interest in the property. As to the defamation claim, Lowry has not alleged the loan payments are current; thus, there is no factual allegation that Defendants provided false information to credit reporting agencies. Finally, Defendants argued the claim of unconscionability is barred by the six-year statute of limitations, A.R.S. § 12-548, and the alleged breach of fiduciary duty claim fails as a matter of law because the relationship between a loan servicer and borrower creates no fiduciary duty.

**¶18**        In response to Defendants' motion to dismiss, Lowry failed to address any of Defendants' arguments and simply asserted that adequate "facts, violations, and particularities" had been alleged in the complaint. Nor has Lowry offered any meaningful arguments on appeal why Defendants' arguments in the motion to dismiss are incorrect, or why the superior court erred in dismissing the claims for failure to state a claim.

Based on our own review of the record, and in light of Lowry's failure to address the merits of Defendants' motion to dismiss the claims that were not otherwise barred by res judicata, the superior court did not err in granting the motion.

**¶19** Finally, we reject Lowry's contention that the superior court erred in dismissing Lowry's claims against U.S. Bank because entry of default had been entered against U.S. Bank in federal district court. As the superior court properly concluded, the court's decision to dismiss all of Lowry's claims made U.S. Bank's provisional motion to set aside the default and Lowry's motion for entry of default moot. Because the district court did not enter a default judgment in favor of Lowry against U.S. Bank, the superior court was not precluded from entering an order dismissing all of Lowry's claims.

## CONCLUSION

**¶20** For the foregoing reasons, we affirm the superior court's ruling granting Defendants' motion to dismiss.



AMY M. WOOD • Clerk of the Court
FILED: AA