NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

FILED

APR 21 2017

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| RICHARD WHITEHURST, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> CVS PHARMACY, <br><br> Defendant-Appellee. | No. 14-15714 <br><br> D.C. No. 3:13-cv-05932-JSC <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Northern District of California
Jacqueline Scott Corley, Magistrate Judge, Presiding[**]

Submitted April 11, 2017[***]

Before:     GOULD, CLIFTON, and HURWITZ, Circuit Judges.

Richard Whitehurst appeals pro se from the district court's judgment

dismissing his 42 U.S.C. § 1983 action alleging federal and state law claims arising

from discrimination on the basis of race, age, and disability.  We have jurisdiction

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The parties consented to proceed before a magistrate judge.  *See* 28 U.S.C. § 636(c).

[***]     The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

under 28 U.S.C. § 1291.  We review de novo a district court's dismissal on the basis of res judicata.  *Cabrera v. City of Huntington Park*, 159 F.3d 374, 381 (9th Cir. 1998).  We affirm.

The district court properly dismissed Whitehurst's action as barred by the doctrine of res judicata because Whitehurst's claims arose out of the same transactional nucleus of facts, and were raised, or could have been raised, in a prior federal action between the parties that resulted in a final judgment on the merits. *See id.* (setting forth elements of res judicata and explaining that the doctrine bars subsequent litigation both of claims that were raised and those that could have been raised in the prior action); *Tripati v. Henman*, 857 F.2d 1366, 1367 (9th Cir. 1988) (a final judgment in the district court retains its res judicata consequences while the decision is pending appeal).

We reject as unsupported by the record Whitehurst's contentions regarding default judgment and defendant's alleged fraud on the court.

**AFFIRMED.**

14-15714