NOT FOR PUBLICATION

# FILED

NOV 07 2018

SUSAN M. SPRAUL, CLERK
U.S. BKCY. APP. PANEL
OF THE NINTH CIRCUIT



# UNITED STATES BANKRUPTCY APPELLATE PANEL
## OF THE NINTH CIRCUIT

| | |
|---|---|
| In re: | BAP No. WW-17-1271-KuTaB |
| KIM C. KERRIGAN, | Bk. No. 2:16-bk-16219-TWD |
| Debtor. | Adv. No. 2:17-ap-01075-TWD |
| KIM C. KERRIGAN, | |
| Appellant, | **MEMORANDUM**[*] |
| v. | |
| BAYVIEW LOAN SERVICING, LLC; M&T BANK; FEDERAL HOME LOAN MORTGAGE CORPORATION, | |
| Appellees. | |

Argued and Submitted on October 25, 2018
at Seattle, Washington

Filed – November 7, 2018

Appeal from the United States Bankruptcy Court

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have, *see* Fed. R. App. P. 32.1, it has no precedential value, *see* 9th Cir. BAP Rule 8024-1.

for the Western District of Washington

Honorable Timothy W. Dore, Bankruptcy Judge, Presiding

---

Appearances:      Appellant Kim C. Kerrigan argued pro se; Gregor A.
Hensrude, Klinedinst PC, argued for appellees Bayview
Loan Servicing, LLC, M&T Bank, and Federal Home Loan
Mortgage Corporation.

---

Before:  KURTZ, TAYLOR, and BRAND, Bankruptcy Judges.

Chapter 13[1] debtor, Kim C. Kerrigan, appeals from the bankruptcy court's order dismissing her adversary complaint in favor of appellee-defendants, Bayview Loan Servicing, LLC (Bayview), M&T Bank (M&T), and Federal Home Loan Mortgage Corporation (Freddie Mac) (collectively, Defendants) with prejudice. We AFFIRM.

## FACTS

### A.      Prepetition Events

Ms. Kerrigan owned residential property on 9th Avenue in Seattle (Property). In February 2008 she refinanced the loan secured against the Property with Washington Mutual (WAMU). Bayview is the assignee of

---

[1] Unless specified otherwise, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532, all "Rule" references are to the Federal Rules of Bankruptcy Procedure, and all "Civil Rule" references are to the Federal Rules of Civil Procedure.

the WAMU deed of trust. Quality Loan Corporation of Washington (Quality) was appointed the successor trustee in March 2015. Qualstar Credit Union (Qualstar) is the beneficiary under a second deed of trust on the Property.

### 1. The State Court Complaint

In August 2016, Ms. Kerrigan filed a complaint against Bayview, Quality, and Qualstar in King County Superior Court alleging that Bayview's and Quality's attempt to foreclose on her Property violated the Washington Collection Agency Act (WCAA), the Federal Fair Debt Collection Practices Act (FDCPA), and the Washington Consumer Protection Act (CPA). Ms. Kerrigan asserted that she had not made any payments for six years on the notes and deeds of trust and therefore the six-year statute of limitations barred any threatened foreclosure. Ms. Kerrigan also asserted a quiet title cause of action, alleging that the liens against her Property were void on the grounds that the statute of limitations had run.

Bayview removed the proceeding to the United States District Court for the Western District of Washington in September 2016.[2]

---

[2] On September 8, 2016, Ms. Kerrigan filed a bankruptcy case to stop the pending foreclosure sale (Bankr. Case No. 16-14638-TWD). The case was dismissed on November 14, 2016, due to Ms. Kerrigan's failure to participate or follow the court deadlines.

## 2. The District Court's Ruling

Bayview and Qualstar filed motions to dismiss Ms. Kerrigan's complaint, asserting that she failed to state a claim for relief under Civil Rule 12(b)(6).

In December 2016, the district court granted the motions and entered a judgment dismissing all claims with prejudice. In connection with Ms. Kerrigan's quiet title claim, the district court observed that a deed of trust foreclosure remedy was subject to a six-year statute of limitations. The court noted that under Washington law, when recovery was sought on an obligation payable by installments, the statute of limitations runs against each installment from the time it becomes due; that is, from the time when action might be brought to recover it. *Edmundson v. Bank of Am.*, 378 P.3d 272, 276 (Wash. Ct. App. 2016). The court found that the six-year statute of limitations did not bar a future action for foreclosure because there were still payments that would have become due in the last six years and there were future payments that would become due for the next twenty-two years after that. The court dismissed Ms. Kerrigan's quiet title claim against Qualstar, Bayview, and Quality with prejudice on this basis.

The district court also found that Ms. Kerrigan's claims against Bayview and Quality for violations of the WCAA, FDCPA and CPA failed to state a claim upon which relief could be granted. Noting that the statute of limitations was tolled, the court concluded that Bayview and Quality did

not act unlawfully by initiating the most recent notice of trustee's sale. The court dismissed these claims with prejudice.

Ms. Kerrigan filed a motion seeking, among other things, a chance to amend her complaint. The district court denied her motion. Ms. Kerrigan appealed the district court's dismissal order to the Ninth Circuit. The Ninth Circuit affirmed the district court's ruling in *Kerrigan v. Qualstar Credit Union*, 728 F. App'x 787 (9th Cir. 2018).

## B.    Bankruptcy Events

Ms. Kerrigan filed a chapter 13 bankruptcy case in December 2016 just days after dismissal of the federal proceeding and to stop the newly-noticed foreclosure sale.

Her second amended plan provided for monthly payments to Bayview and Qualstar and $0 to allowed nonpriority unsecured claims over the term of the plan. The plan also provided that Ms. Kerrigan would seek a complete modification of her first mortgage, refinance her residence, or obtain a fully executed purchase and sale agreement for her residence. The plan required her to have attained one of these options no later than 180 days following confirmation.[3] Finally, her plan stated that she would file an adversary against Bayview, alleging improprieties on the part of the original lender or at the time of loan origination. The bankruptcy court confirmed Ms. Kerrigan's plan in June 2017.

---

[3] It is unclear whether Ms. Kerrigan followed through with any of these options.

### 1. The Adversary Proceeding

Prior to confirmation, Ms. Kerrigan filed an adversary proceeding against Bayview, M&T, and Freddie Mac. In the factual background, Ms. Kerrigan alleged that Freddie Mac claimed to be the owner and holder of her note. She further asserted that M&T and Bayview alternatively claimed to be the servicer of her promissory note. Finally, she alleged that Bayview claimed to be the owner and holder of the note and deed of trust.

Ms. Kerrigan asserted five claims for relief. In the first claim for relief, Ms. Kerrigan asserted that she was not certain which, if any, of the three defendants were entitled to enforce the note. In the second claim, Ms. Kerrigan alleged that her chapter 13 debtor status allowed her to use the avoiding powers of the trustee under § 544 to void the WAMU deed of trust which was not properly acknowledged. In her third claim for relief, Ms. Kerrigan maintained that she properly exercised her rights to rescind her loan with WAMU under the Truth in Lending Act, 15 U.S.C. § 1601, et seq. (TILA), and was therefore entitled to rescission. Her fourth claim was for attorneys' fees under the WAMU note and deed of trust, and the fifth claim was for violation of the FDCPA.

Ms. Kerrigan moved to amend the complaint to eliminate the fifth claim for relief for damages under the FDCPA and replace it with a claim for civil penalties plus reasonable attorneys' fees for WAMU's alleged violation of the TILA. She eventually conceded that her claim for civil

penalties and attorneys' fees under TILA was beyond the statute of limitations. Ms. Kerrigan filed a proposed second amended complaint removing that claim, leaving only the first three claims in contention.

### 2. Defendants' Motion to Dismiss

Meanwhile, Defendants filed a motion to dismiss the adversary complaint, asserting that (1) Ms. Kerrigan's claims were barred under the doctrine of claim preclusion; (2) the pending Ninth Circuit appeal of the district court's judgment dismissing all claims divested the bankruptcy court of jurisdiction; and (3) the FDCPA and TILA claims were time barred.

### 3. The Bankruptcy Court's Ruling

In August 2017, the bankruptcy court heard Defendants' motion and stated its ruling on the record.

First, the court found that despite Ms. Kerrigan's pending appeal of the district court's dismissal judgment, it had jurisdiction to determine whether the doctrine of claim preclusion barred further review of Ms. Kerrigan's claims alleged in the adversary proceeding.

Next, the bankruptcy court considered whether the elements for federal claim preclusion applied to Ms. Kerrigan's claims; i.e., whether there was (1) an identity of claims, (2) a final judgment on the merits, and (3) identity or privity between the parties. *W. Radio Servs. Co. v. Glickman*, 123 F.3d 1189, 1193 (9th Cir. 1997).

The court found that except for Ms. Kerrigan's second claim which

involved the application of the trustee's strong arm powers, there was an identity of claims because the claims arose from the same transactional nucleus. The bankruptcy court explained that Ms. Kerrigan's state court complaint asserted that the WAMU deed of trust was void because the relevant statute of limitations for the collection of the debt had passed and, because the WAMU deed of trust was void, the attempt to foreclose on the WAMU deed of trust was a violation of the CPA and the FDCPA. The court explained that Ms. Kerrigan's adversary complaint asserted that the WAMU deed of trust was void under TILA and that she was uncertain which entity was entitled to enforce the WAMU note. The bankruptcy court concluded that both suits arose from the same transactional nucleus—the WAMU deed of trust and note. Further, both suits sought the same relief—to void the WAMU deed of trust. Finally, the court found that both suits involved substantially the same evidence—the WAMU deed of trust and note and Ms. Kerrigan's payment history.

The bankruptcy court also observed that if Ms. Kerrigan won in the adversary proceeding, the rights of the parties established in the district court action would be impaired. The court reasoned that the district court's dismissal of the claims in the state court complaint with prejudice established that Bayview and Quality's notice of trustee's sale did not violate the FDCPA, the WCAA, or CPA. Moreover, inherent in the district court's judgment was the determination that Bayview and Quality's

8

foreclosure was lawful. The bankruptcy court stated that if Ms. Kerrigan believed that Bayview's foreclosure was problematic, either because it lacked the right to enforce the WAMU deed of trust and note or because the WAMU deed of trust and note was void since it had been rescinded, those claims should have been raised in the previous lawsuit.

The bankruptcy court further found that the district court's judgment dismissing Ms. Kerrigan's claims with prejudice was a final judgment on the merits.

Lastly, with respect to the identity of the parties, the court found that the parties in the adversary proceeding were the same or in privity with the parties to the proceeding in the district court. The court noted that Bayview was a party in both proceedings. Further, M&T was alleged to be a potential servicer and Freddie Mac was alleged to be the owner of the note and deed of trust. The court concluded that to the extent M&T or Freddie Mac were the servicer or the owner of the WAMU note and deed of trust, their interests are substantially aligned with, if not identical to, those of Bayview.

In addition, the court found that Ms. Kerrigan's acting both individually and as a representative of her chapter 13 estate did not make her "different parties" under the holding in *Cheng v. K&S Diversified Investments, Inc. (In re Cheng)*, 308 B.R. 448 (9th Cir. BAP 2004) as she argued. The court found the reasoning in *Cheng* inapplicable due to the

9

differences in the cases. Finally, the court found that to the extent Ms. Kerrigan individually and as a representative of her chapter 13 estate could be considered different parties, they were in privity. In reaching this conclusion, the court reasoned that it was in Ms. Kerrigan's interest to minimize her secured debts and maximize the value of her assets. Likewise, it was in the chapter 13 estate's interest to maximize asset value and minimize secured debt to create a fund to fully pay unsecured creditors. In the end, the bankruptcy court concluded that all the elements for claim preclusion were met with respect to Ms. Kerrigan's first and third claims for relief.

The court also found that Ms. Kerrigan's second claim for relief regarding her use of the trustee's avoiding powers under § 544 to void WAMU's lien against her Property failed to state a claim for relief. The court observed that Ms. Kerrigan did not point to any Bankruptcy Code section or applicable state law that would allow her to void WAMU's lien using § 544. Based on the facts in the adversary complaint and the proposed amended complaint, the bankruptcy court concluded that she could not establish such a claim.

The court explained that Ms. Kerrigan's claim under § 544(a)(3)[4]

---

[4] Section 544(a)(3) provides:

(a) The trustee shall have, as of the commencement of the case, and

(continued...)

failed because the WAMU deed of trust was recorded and therefore constructive notice was given under Wash. Rev. Code § 65.08.030.[5] The court noted that Ms. Kerrigan's adversary complaint showed at paragraph 15 that the WAMU deed of trust was recorded on February 26, 2008. Therefore, Ms. Kerrigan had constructive notice of the deed of trust prior to her bankruptcy filing which defeated the trustee's strong arm power under § 544(a)(3).

In the end, the court denied Ms. Kerrigan's request for leave to amend her complaint because further attempts to amend would be futile.

---

[4](...continued)
without regard to any knowledge of the trustee or of any creditor, the rights and powers of, or may avoid any transfer of property of the debtor or any obligation incurred by the debtor that is voidable by–
. . .
(3) a bona fide purchaser of real property, other than fixtures, from the debtor, against whom applicable law permits such transfer to be perfected, that obtains the status of a bona fide purchaser and has perfected such transfer at the time of the commencement of the case, whether or not such a purchaser exists.

[5] The statute entitled "Recorded irregular instrument imparts notice" provides:

An instrument in writing purporting to convey or encumber real estate or any interest therein, which has been recorded in the auditor's office of the county in which the real estate is situated, although the instrument may not have been executed and acknowledged in accordance with the law in force at the time of its execution, shall impart the same notice to third persons, from the date of recording, as if the instrument had been executed, acknowledged, and recorded, in accordance with the laws regulating the execution, acknowledgment, and recording of the instrument then in force.

The court dismissed all claims in the adversary proceeding with prejudice by order entered on August 2, 2017.

### 4.    Ms. Kerrigan's Motion For Reconsideration

Ms. Kerrigan filed a timely motion for reconsideration. On August 30, 2017, the bankruptcy court denied her motion, finding that its dismissal order was not based on any manifest errors of law or fact and that Ms. Kerrigan did not submit any new evidence that could not have been asserted earlier. Ms. Kerrigan filed a timely notice of appeal from the bankruptcy court's dismissal order on September 13, 2017.

## JURISDICTION

The bankruptcy court had jurisdiction pursuant to 28 U.S.C. §§ 1334 and 157(b)(2)(A). We have jurisdiction under 28 U.S.C. § 158.

## ISSUES

Did the bankruptcy court err in granting Defendants' motion to dismiss Ms. Kerrigan's first and third claims on claim preclusion grounds?

Did the bankruptcy court err in granting Defendants' motion to dismiss Ms. Kerrigan's second claim under § 544 for failure to state a claim under Civil Rule 12(b)(6)?

Did the bankruptcy court abuse its discretion in denying Debtor's motion for reconsideration?

## STANDARDS OF REVIEW

We review rulings regarding the availability of claim preclusion de

novo as a mixed question of law and fact in which legal questions predominate. *Robi v. Five Platters, Inc.*, 838 F.2d 318, 321 (9th Cir. 1988); *Alary Corp. v. Sims (In re Associated Vintage Grp., Inc.)*, 283 B.R. 549, 554 (9th Cir. BAP 2002). De novo review requires that "we consider a matter anew, as if no decision had been rendered previously." *Mele v. Mele (In re Mele)*, 501 B.R. 357, 362 (9th Cir. BAP 2013).

Once we determine that claim preclusion is available to be applied, the actual decision to apply the doctrine is left to the trial court's discretion. *Robi*, 838 F.2d at 321. A bankruptcy court abuses its discretion if it applies the wrong legal standard, misapplies the correct legal standard, or if it makes factual findings that are illogical, implausible, or without support in inferences that may be drawn from the facts in the record. *See TrafficSchool.com, Inc. v. Edriver Inc.*, 653 F.3d 820, 832 (9th Cir. 2011) (citing *United States v. Hinkson*, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc)).

We review de novo the bankruptcy court's order granting a motion to dismiss for failure to state a claim under Civil Rule 12(b)(6) (incorporated by Rule 7012). *Movsesian v. Victoria Versicherung AG*, 670 F.3d 1067, 1071 (9th Cir. 2012) (en banc).

We review the denial of a motion for reconsideration for abuse of discretion. *First Ave. W. Bldg., LLC v. James (In re Onecast Media, Inc.)*, 439 F.3d 558, 564 (9th Cir. 2006). Courts enjoy "considerable discretion" in deciding reconsideration motions. *McDowell v. Calderon*, 197 F.3d 1253, 1255

13

n.1 (9th Cir.1999).

We may affirm the decision of the bankruptcy court on any basis supported by the record. *See ASARCO, LLC v. Union Pac. R.R. Co.*, 765 F.3d 999, 1004 (9th Cir. 2014).

## DISCUSSION

In deciding this appeal, we liberally construe Ms. Kerrigan's pro se brief. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (documents filed pro se are to be liberally construed and must be held to less stringent standards than formal pleadings drafted by lawyers); *Nordeen v. Bank of Am., N.A. (In re Nordeen)*, 495 B.R. 468, 483 (9th Cir. BAP 2013). However, even under the most liberal reading of Ms. Kerrigan's four page informal brief, she fails to address how the bankruptcy court erred in dismissing her adversary complaint with prejudice and identifies no specific error for this court to consider. Instead, she raises numerous issues which are not relevant to the order on appeal. We do not consider issues relating to the merits of her underlying claims such as "serious chain of title issues" nor do we decide whether Defendants violated TILA, RESPA, or FDCPA. We also do not answer her "one central question" as to which entity is the true creditor. These issues are beyond the scope of the issues pertaining to the order on appeal.

What is at issue is whether the bankruptcy court properly dismissed Ms. Kerrigan's first and third claims for relief on claim preclusion grounds

and her second claim for relief under § 544 for failure to state a claim. While Ms. Kerrigan's comments about her credit history at oral argument appeared sincere, this appeal is not about her credit history or sincerity. If there is an error, it was incumbent on Ms. Kerrigan to brief it. "It is not the Court's role to make arguments for any party." *Ortiz v. Ga. Pac.*, 973 F. Supp. 2d 1162, 1185 (E.D. Cal. 2013); *see also Gross v. Town of Cicero*, 619 F.3d 697, 704 (7th Cir. 2010) ("[I]t is not this court's responsibility to research and construct the parties' arguments."); *see also Cruz v. Int'l Collection Corp.*, 673 F.3d 991, 998 (9th Cir. 2012) ("We review only issues which are argued specifically and distinctly in a party's opening brief."). We do the best we can with what we have in the record.

After a careful review, we discern no errors. The bankruptcy court carefully analyzed the elements for claim preclusion in connection with Ms. Kerrigan's first and third claims for relief. In deciding whether there was an identity of claims, the bankruptcy court properly applied the transactional test. This test focuses on the transactional nucleus of operative facts and includes all rights to remedies with respect to all or any part of the "transaction," determined pragmatically, out of which the action arose, so long as they could conveniently be tried together. *George v. City of Morro Bay (In re George)*, 318 B.R. 729, 735 (9th Cir. BAP 2004) (citing Restatement (Second) Of Judgments § 24.8). We see no error with the court's analysis or conclusion that there was an identity of claims between

those Ms. Kerrigan asserted in the prior lawsuit and those she asserted in the adversary proceeding.

The court also correctly found that the district court's order dismissing Ms. Kerrigan's complaint was a final judgment on the merits. *See Stewart v. U.S. Bancorp*, 297 F.3d 953, 957 (9th Cir. 2002) ("[A] dismissal for failure to state a claim under [Civil] Rule 12(b)(6) is a 'judgment on the merits' to which res judicata applies."); *Hagans v. Lavine*, 415 U.S. 528, 542 (1974) ("[I]t is well settled that the failure to state a proper cause of action calls for a judgment on the merits."). The pendency of Ms. Kerrigan's appeal did not affect the finality determination. *See Tripati v. Henman*, 857 F.2d 1366, 1367 (9th Cir. 1988) ("The established rule in the federal courts is that a final judgment retains all of its res judicata consequences pending decision of the appeal . . . ."). Nonetheless, the Ninth Circuit's affirmance "added a dimension to the finality" of the district court's decision. *In re George*, 318 B.R. at 734.

Finally, the bankruptcy court did not err by concluding that the third element—identity or privity between the parties—was met. The *Cheng* case does not support Ms. Kerrigan's argument that her posture as an individual and as a representative of her chapter 13 estate makes her "different parties" for purposes of the claim preclusion analysis. In *Cheng*, the bankruptcy court found that the debtors were judicially estopped, based on representations previously made on their motion to avoid a

judicial lien on exemption impairment grounds, from challenging the creditor's proof of claim. On appeal, the Panel reversed, finding that debtors acted as debtors when they filed a motion under § 522(f)(1) to protect their homestead exemption, but acted as debtors-in-possession when they filed an objection to the creditor's claim. The BAP found because they acted in different capacities they were not judicially estopped by representations made as debtors. The holding in *Cheng* has nothing to do with the standards for deciding whether the identity of the parties is the same for purposes of claim preclusion.

In sum, the bankruptcy court did not err by dismissing Ms. Kerrigan's first and third claims based on the doctrine of claim preclusion.

The bankruptcy court also properly dismissed Ms. Kerrigan's second claim for relief which relied § 544 for avoidance of WAMU's lien. As observed by the court, this claim failed to state a claim for relief when Ms. Kerrigan had constructive notice of the recorded deed of trust which was alleged to be improperly acknowledged.

As we have found no reversible error in the bankruptcy court's decision to dismiss Ms. Kerrigan's adversary complaint with prejudice, we hold that the bankruptcy court did not abuse its considerable discretion in denying her motion for reconsideration.

## CONCLUSION

For the reasons explained above, we AFFIRM.